```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA
```

ROBERT WANN,                )
                            )
           Plaintiff,       )
                            )
v.                          )        Case No. CIV-13-231-RAW-KEW
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social      )
Security Administration,    )
                            )
           Defendant.       )

### REPORT AND RECOMMENDATION

Plaintiff Robert Wann (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 26, 1965 and was 47 years old at the time of the ALJ's decision. Claimant completed his education through the seventh grade. Claimant has worked in the past as a truck driver. Claimant alleges an inability to work beginning December 1, 2008 due to limitations resulting from mood disorder and anxiety.

**Procedural History**

3

On December 15, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 27, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Osly Deramus. On January 20, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on April 19, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform at all exertional levels with some non-exertional limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find his cervical vertebra condition as a severe impairment; (2) reaching an unsupported RFC determination; (3) engaging in an improper credibility evaluation; and (4) failing to fully develop the administrative record.

4

## Step Two Analysis

In his decision, the ALJ determined Claimant suffered from the severe impairments of affective, anxiety, and personality disorders. (Tr. 18). The ALJ also found Claimant retained the RFC to perform work at all exertional levels. He also found, however, that Claimant had non-exertional limitations of performing simple and some complex tasks with routine supervision, could relate to supervisors and peers on a superficial basis, but could not relate to the general public and could adapt to a work situation. (Tr. 21). After consultation with a vocational expert, the ALJ found Claimant could perform the representative job of assembler which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 30).

Claimant contends the ALJ should have found his cervical vertebra condition as a severe impairment. Since the ALJ determined Claimant suffered from other severe impairments, the sole question presented by Claimant's arguments is whether the inclusion of Claimant's cervical vertebra problems limited his ability to engage in basic work activities.

On August 23, 2011, Dr. Stephen E. Carney prepared an Attending Physician's Statement concerning Claimant's condition. Dr. Carney diagnosed Claimant with a stable fracture of cervical

vertebra #2.  He opined that Claimant's symptoms were severe enough to interfere with his attention and concentration and his ability to tolerate work stress.  Dr. Carney also estimated Claimant would have to take unscheduled breaks during an 8 hour workshift.  On average, Claimant was expected to be absent from work about four days per month.  Dr. Carney set forth that Claimant would need a sit/stand/walk option at will.  (Tr. 427).

The medical records from Dr. Jorge E. Alvernia indicate Claimant had a right C2 lateral mass fracture but also stated he did not believe the condition required surgical intervention.  (Tr. 324-25).  On January 3, 2011, Claimant reported experiencing pain increase with flexion extension and rotation of the neck.  (Tr. 322).  On January 12, 2011, however, Claimant only reported "slight neck pain" to Dr. Alvernia.  (Tr. 325).

On October 12, 2010, Claimant was evaluated by Dr. Luther Woodcock.  Dr. Woodcock found Claimant's range of motion to be normal, straight leg raising was negative, and his gait was normal without assistive devices.  Dr. Woodcock considered his physical condition to be non-severe.  (Tr. 310).

On March 3, 2011, Claimant was evaluated by Dr. Kenneth Wainner.  Dr. Wainner found normal range of motion in all joints, straight leg raising was negative, and Claimant's gait was normal

with no assistive devices. (Tr. 425).

On November 14, 2011, Dr. Beau Jennings completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on Claimant. He determined Claimant could sit, stand and walk for 8 hours in an 8 hour workday without interruption, had no restrictions in reaching, handling, fingering, feeling or pushing and pulling. Claimant was found to be able to use his feet continuously in the operation of foot controls. No restrictions in postural activities or environmental exposure were noted. (Tr.459-64).

A claimant bears the burden at step two to present evidence that she has a medically severe impairment or combination of impairments. Bowen v. Yuckert, 482 U.S. 137, 146 & n. 5 (1987). While the showing required is described as "de minimis," the claimant "must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997) (quotation omitted).

The ALJ's step two task is to determine, based on the record, whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). An impairment is "not severe if it does not significantly limit [a claimant's] ability to do basic work activities." 20 C.F.R. §

404.1521(a). This Court agrees with the ALJ that the severity of this alleged impairment is not sufficient to cause more than a minimal effect upon Claimant's ability to work.

**RFC Determination**

Claimant next contends the ALJ failed to properly evaluate his RFC in that Dr. Carney's opinion was not afforded the appropriate weight. The ALJ concluded that Dr. Carney's opinion was not "well supported by medically acceptable clinical and diagnostic techniques and because it is inconsistent with other medical evidence of record" and, therefore, did not give it the controlling weight normally afforded to the opinions of treating physicians. (Tr. 23). The ALJ evaluated Dr. Carney's opinion in significant detail under the rubric of Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003), proceeding through the factors established in that case. The ALJ noted Dr. Carney did not provide any support for his conclusions in his medical records including failing to seek diagnostic testing. Indeed, Dr. Carney's opinion stands out in the record as a aberration on Claimant's functional abilities. This Court agrees with the ALJ's assessment that Dr. Carney's opinion was not supported by the medical record and should not have been afforded any weight. Accordingly, no error is attributed to the RFC which the ALJ ultimately determined.

8

**Credibility Determination**

Claimant asserts the ALJ improperly assessed his credibility. This Court has reviewed Claimant's testimony concerning his subjective functional ability in light of the medical record and concurs with the ALJ's assessment that his statements of disabling pain simply are not supported by any objective medical finding.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on

9

his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391.  However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ satisfactorily tied his conclusions on credibility to the medical record.  This Court finds no error in his analysis.

### Duty to Develop the Record

Claimant contends the ALJ should have ordered a consultative mental health examination, ordered a consultative physical examination regarding the condition of Claimant's hands, back, and headaches, ordered further testing to "get a more accurate assessment of her (sic) true limitations", and elicited further testimony from Claimant to obtain more information to assess Claimant's credibility.

Claimant has essentially utilized this issue to assert a

"kitchen sink" argument, heaping upon the ALJ the responsibility to prove Claimant's case. Such is not the ALJ's burden. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations

are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

> (1) The additional evidence needed is not contained in the records of your medical sources;
>
> (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .
>
> (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;
>
> (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or
>
> (5) There is an indication of a change in your condition that is likely to affect your ability to work.
>
> 20 C.F.R. § 416.909a(2)(b).

This Court does not perceive that any of the factors which might compel the ordering of a consultative examination to be present in this case. No conflict in the medical evidence exists, Claimant's condition does not require the evaluation by highly specialized experts, no change of condition has been suggested, and the need for additional evidence is not indicated. Claimant testified at the administrative hearing with counsel who could have elicited any supportive testimony. Claimant is essentially

suggesting that the ALJ should have built his case for him. Nothing in the evidence remotely suggests that further diagnostic testing would have resulted in a different conclusion as to Claimant's ability to engage in basic work activities than the ALJ determined from the evidence that exists in the record. The ALJ did not err in failing to develop the record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of August, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE